UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER JEFFERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:14-cv-01028-SGC |
| ) | |
| BAPTIST HEALTH SYSTEM, INC., ) | |
| ) | |
| Defendant. ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Christopher Jefferson ("Plaintiff") commenced this action by filing a complaint alleging his former employer, Baptist Health System, Inc. ("Defendant"), discriminated against him on the basis of his disability in violation of Title I of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12111, *et seq.* (Doc. 1). On June 26, 2014, Defendant filed a motion seeking to compel arbitration of Plaintiff's claim in accordance with an arbitration agreement executed by the parties and pursuant to the Federal Arbitration Action, 9 U.S.C. §§ 1, *et seq.* (the "FAA"). (Doc. 8). Defendant states it does not seek an order staying this action under Section 3 of the FAA but, rather, requests this action be dismissed without prejudice. (*Id.*). On August 15, 2014, Plaintiff filed a response to Defendant's motion to compel stating he consents to arbitration provided the court retains jurisdiction by staying, rather than dismissing, this action. (Doc. 10).

Under the FAA, claims of the type asserted by Plaintiff are subject to mandatory arbitration where (1) a valid and binding agreement to arbitrate exists, (2) the claims fall within the scope of that agreement, and (3) the underlying contract evidences a transaction involving

1

interstate commerce.  *See* 9 U.S.C. § 2;[1] *King v. Cintas Corp.*, 920 F. Supp. 2d 1263, 1267 (N.D. Ala. 2013); *Maddox v. USA Healthcare-Adams, LLC*, 350 F. Supp. 2d 968, 972 (M.D. Ala. 2004) ("The FAA applies to all employment contracts not specifically exempted from the FAA (transportation workers), including statutory claims for discrimination.").  "To resolve [the first two] questions, courts apply state-law principles relating to ordinary contract formation and interpretation, construed through the lens of the federal policy favoring arbitration."  *King*, 920 F. Supp. 2d at 1267.

The undersigned finds Plaintiff and Defendant entered into a valid and binding agreement to arbitrate.  When Plaintiff applied for a job with Defendant through an online process, he electronically signed a document pursuant to which he agreed to submit all claims against Defendant, including claims for violation of the Americans with Disabilities Act, to binding arbitration in accordance with Defendant's Dispute Resolution Program (the "DRP").  (Doc. 8-2); *see Ex parte McNaughton*, 728 So. 2d 592, 595-96 (Ala. 1998) (holding signed acknowledgement form indicated parties agreed to be bound by arbitration policy) (citing *Kelly v. UHC Mgmt. Co.*, 967 F. Supp. 1240 (N.D. Ala. 1997)); *Blake v. Murphy Oil USA, Inc.*, 2010 WL 3717245, at *3 (N.D. Miss. Sept. 14, 2010) (rejecting argument electronic signature on arbitration agreement had no legal effect because Uniform Electronic Transaction Act, adopted by Mississippi, established general rule of validity for electronic signatures in transactions

---

[1] Section 2 of the FAA provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

affecting interstate commerce).[2] Furthermore, the DRP provides that acceptance or continuation of employment with Defendant constitutes assent to the terms of the DRP. (Doc. 8-1 at 3-4); *see Baptist Health Sys., Inc. v. Mack*, 860 So. 2d 1265, 1274 (Ala. 2003) ("[B]y continuing her employment with BHS subsequent to her receipt of the Program document, [the plaintiff] expressly assented to the terms of the Program documents and is therefore bound by the arbitration provision contained in that document."). In exchange for Plaintiff's agreement to arbitrate all claims against Defendant, Defendant agreed to arbitrate all claims against Plaintiff. (Docs. 8-1 at 4, 8-2); *see Wright v. Circuit City Stores, Inc.*, 82 F.2d 1279, 1283-84 (N.D. Ala. 2000) (holding under Alabama law, employer's promise to be bound by arbitration process regarding disputes initiated by employees constituted sufficient consideration to support arbitration agreement signed by employees). Furthermore, Defendant provided Plaintiff with employment. *See Ex parte McNaughton*, 728 So. 2d at 595-96 (holding employer's provision of at-will employment to employee constituted sufficient consideration for employee's agreement to arbitrate employment disputes under arbitration policy) (citing *Kelly*, 967 F. Supp. 1240). Although it does not appear Defendant signed any acknowledgment of an agreement to arbitrate, this does not change the conclusion a valid and binding arbitration agreement exists. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kilgore*, 751 So. 2d 8, 11 (Ala. 1999) (holding arbitration provision enforceable where brokerage firm provided client with agreement containing arbitration provision, client executed it, and brokerage firm acted in recognition of formal agreement, notwithstanding absence of signature by brokerage firm's representative).

      The undersigned further finds Plaintiff's claim under the ADA falls within the scope of the arbitration agreement, which covers "all claims" Plaintiff may have against Defendant and explicitly references claims under the ADA. (*See* Docs. 8-1 at 5, 8-2).

---

[2] Like Mississippi, Alabama has adopted the Uniform Electronic Transactions Act. *See* Ala. Code §§ 8-1A-1, *et seq.*

Finally, the undersigned finds the existence of a nexus to interstate commerce. Defendant states it engages in the interstate purchase and sale of goods and services, and it accepts out-of-state health care insurance, Medicare, and Medicaid. (Doc. 8 at 2); *see Maddox*, 350 F. Supp. 2d at 973-74 ("[I]f an organization engages in business across state lines, has any portion of its assets generated as a result of any activity across state lines, or engages in any business that may be regulated by the Congress pursuant to powers granted in the *Commerce Clause*, then FAA jurisdiction is the appropriate mechanism for settling a dispute where a valid arbitration agreement has been executed."); *McGuffey Health & Rehab. Ctr. v. Gibson ex rel. Jackson*, 864 So. 2d 1061, 1063 (Ala. 2003) (holding Medicare funds moving across state lines should be considered to establish interstate-commerce prong required in determining whether parties must arbitrate).

For the foregoing reasons and because, in any event, Plaintiff has consented to Defendant's motion to compel, that motion (Doc. 8) is due to be granted.

There does not appear to be a consensus as to whether a district court may dismiss rather than stay an action when compelling arbitration of all claims. *Compare Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." (emphasis in original)), *and Choice Hotels Int'l., Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001) ("Notwithstanding the terms of § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."), *with Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 269-71 (3rd Cir. 2004) ("Here, the plain language of § 3 affords a district court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration. The direction that the Court 'shall' enter a stay simply cannot be read to say that the

Court shall enter a stay in all cases except those in which all claims are arbitrable and the Court finds dismissal to be the preferable approach."). While the Eleventh Circuit has vacated a district court's dismissal of claims subject to arbitration and remanded the case with instructions to stay all claims pending arbitration, *see Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992), it has also affirmed district court orders compelling arbitration and dismissing the underlying cases, *see Samadi v. MBNA Am. Bank, N.A.*, 178 Fed. App'x 863, 866 (11th Cir. 2006); *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359 (11th Cir. 2005). Here, the undersigned will adhere to the express language of the statute, which provides that when a court determines an issue is referable to arbitration under an arbitration agreement, it "***shall*** on application of one of the parties ***stay*** the trial of the action until such arbitration has been had . . . ." *See* 9 U.S.C. § 3 (emphasis added). Therefore, this action is due to be stayed, rather than dismissed, pending arbitration of Plaintiff's claims.

For the foregoing reasons, the undersigned magistrate judge **RECOMMENDS** as follows:

1. Defendant's motion to compel (Doc. 8) be **GRANTED**, and this action be referred to arbitration;
2. Pending arbitration of Plaintiff's claim, this action be **STAYED**; and
3. The parties be required to report the status of the arbitration in six (6) months of the entry date of this order or on the setting of a date for the arbitration hearing, whichever is earlier.

### Notice of Right to Object

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2), Fed. R. Civ. P., any party may file specific written objections to this report and recommendation within fourteen (14) days from

the date it is filed in the office of the clerk.  Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fourteen (14) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal.  Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

**DONE** this 23rd day of October, 2014.

/s/ Staci G. Cornelius
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE